[No. 11592. Department Two. June 6, 1914.]

ROY SWITZER, *Respondent*, v. F. L. SHERWOOD *et al.*, *Appellants*.[1]

PLEADINGS—COMPLAINT—DEFINITENESS—BILL OF PARTICULARS. A complaint for injuries sustained in a collision with an automobile is sufficiently definite and certain, and not subject to a demand for a bill of particulars, where it alleges the ultimate and issuable facts, charging that the defendants negligently lost control of the automobile, and carelessly approached a street crossing without giving warning or slackening their speed, and drove the automobile out of the traveled track, and negligently permitted it to collide with the plaintiff, due to the negligent manner of operation.

APPEAL—HARMLESS ERROR—PLEADINGS—AMENDMENTS. Error in ruling on the sufficiency of the complaint is harmless where there was a full trial on the merits, as the complaint will be deemed amended to conform to the proof.

MUNICIPAL CORPORATIONS—USE OF STREETS—COLLISION—DEFENSES—FAILURE TO OBTAIN LICENSE. The operation of a motorcycle without first having obtained a license, in violation of Rem. & Bal. Code, §§ 5562-5566, does not bar an action to recover for personal injuries sustained in a collision with an automobile, as there was no causal connection between the acts.

MASTER AND SERVANT—LIABILITY TO THIRD PERSONS—SCOPE OF EMPLOYMENT—CHILD AS SERVANT OF PARENTS—DRIVING AUTOMOBILE.

[1]Reported in 141 Pac. 181.

A community, consisting of husband and wife, the owner of an automobile used for the pleasure of their family and the business of the community, is liable to third persons for injuries sustained through the negligent driving of a daughter, using the car with the consent of the parents, whether it was driven for pleasure or business.

APPEAL—REVIEW—VERDICT. A verdict supported by conflicting evidence is conclusive on appeal.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 1, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision with an automobile. Affirmed.

*Caleb Jones*, for appellants.

*D. R. Glasgow*, for respondent.

FULLERTON, J.—This is an appeal from a judgment of the superior court of Spokane county, entered in an action for personal injuries brought by the respondent against the appellants.

Crestline street and Buckeye avenue are public streets within the city of Spokane, crossing each other at right angles. Crestline street extends north and south from this crossing, and Buckeye avenue east and west therefrom. Along the center of Crestline street, are the double tracks of a street railway company. Neither of these streets, at the time of the accident, was graded or otherwise improved by the city, and neither used by the public for its full width; the travel on Crestline street being confined to the west side of the railway tracks, and the travel on Buckeye avenue to the south side thereof.

On the evening of August 1, 1912, the respondent was proceeding north on Crestline street, riding a motorcycle. At the same time, the appellants Lucy W. Sherwood and F. L. Sherwood were riding west on Buckeye avenue in an automobile driven by Lucy W. Sherwood. Both parties were approaching the junction of the streets. The respondent

reached the junction slightly ahead of the appellants and crossed the traveled way in front of the automobile. As he reached a point some four or five feet beyond the course of the traveled way of Buckeye avenue he turned to the right intending to cross to the other side of the street. At that point, he was run into by the automobile, the machine having been swerved to the right of the traveled way by its driver. As a result of the collision, the respondent's leg was broken, and his body otherwise bruised, causing him painful and lasting injuries.

The appellants, at the time of their appearance in the action, moved for an order requiring the complaint to be made more definite and certain, and to require the respondent to furnish them with a bill of particulars; and on these motions being overruled, filed a general demurrer to the complaint, which was likewise overruled. The rulings on these motions and on the demurrer constitute the first of the errors assigned by the appellants. The respondent stated in his complaint the facts leading up to the injury from his own viewpoint. He alleged that, at the time of the collision, the appellants unlawfully, negligently and carelessly lost control of the automobile; that they did not drive the same over the usual traveled way, but over that portion of the street which is several feet north of the usual traveled way; that they drove the automobile recklessly and carelessly without regard to the safety of persons passing on the street in the vicinity of the accident; that they gave no warning of their approach to the street, did not slacken their speed so as to have the automobile under control, and carelessly and negligently permitted the machine to collide with the respondent; and that the conditions above referred to and the injury sustained by the respondent were due solely to the reckless, careless, negligent, and unlawful manner in which the automobile was operated. The motion asks that the respondent be required to state in what respect the appellants were negligent and careless in the operation of the automobile, specify-

ing each particular act of negligence relied upon; that he state in what respect the appellants lost control of the automobile; in what way and in what respect the appellants were careless in operating and driving it; in what way or respect they disregarded the safety of persons traveling in that vicinity; the rate of speed they were traveling and distinctly and definitely if they lost control of their automobile on account of such rate of speed; that he state definitely what the carelessness consisted of in permitting the car to leave the traveled roadway; to state definitely and certainly what conditions were referred to in the phrase, "that the conditions above referred to," used in the complaint; and to state "definitely, in what respect or way the defendants were careless in operating their automobile, in what way or respect reckless, in what way or respect unlawful." Manifestly the complaint is not faulty in these particulars. If these are requirements necessary to good pleading, the complaint, instead of being a plain and concise statement of the facts constituting the cause of action, must be a detailed statement of the evidence on which the complainant relies to prove his cause of action. But such is not the rule of the code, nor is it required by the practice. Ultimate facts alone need be pleaded, "the final and resulting facts, reached by processes of logical reasoning from the detailed or probative facts." The complaint in this instance stated the ultimate and issuable facts, and was thus sufficient.

But the question is, moreover, at this stage of the proceedings, not very material. The court tried the cause as if upon sufficient pleadings. The respondent was confined in the presentation of the case to the principal issue on his part, namely, was the collision the result of negligent conduct on the part of the appellants. The appellants were given full opportunity to meet this issue, and to show contributory negligence on the part of the respondent. The questions could not have been more fully or differently presented had the complaint contained the matters the appellants now con-

tend it should have contained. There was, therefore, no prejudice in the rulings of the court on the pleadings, and in such cases this court is required by statute, in reviewing errors alleged to have been committed at the trial, to consider all amendments made that could have been made, and treat the issues as if they were as broad as the evidence.

It is next urged that the respondent cannot recover for the reason that he was himself, at the time of the collision, violating the statute. This contention is founded on the fact that the respondent was operating his motorcycle on the public highway without first obtaining the license required by §§ 5562 to 5566, inclusive, of Rem. & Bal. Code (P. C. 33 §§ 1, 9). The sections cited constitute the revenue portion of the statute licensing and regulating the use and operation of motorcycles and automobiles on the public highways. Had the respondent violated some part of the regulative part of the statute, and his injury had resulted therefrom, unquestionably he could not recover, regardless of the negligence of the appellants, as long as such negligence was not wanton. But the violation of the revenue part is an offense against the state, solely, and it alone may enforce the penalties. In other words, before the violation of the statute by the person injured will constitute a defense to the negligent act of the person injuring him, there must be shown some causal connection between the act involved in the violation of the statute and the act causing the injury. Here there was no such causal connection. The injury would have happened in the same manner it did happen had the respondent theretofore paid the license fee due the state and been in possession of the statutory license.

It was shown that the automobile was owned by F. L. Sherwood and Mrs. F. L. Sherwood, as a community, and was used for the pleasure of the community and their family and in connection with the community business of selling and dealing in real estate. It is claimed that the act causing the injury was the individual tort of Lucy W. Sherwood, or at

most the tort of Lucy W. Sherwood and F. L. Sherwood, and that it was error to allow judgment to go against the community for the wrong committed. But we met and determined this question adversely to this contention in the case of *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821. In that case, the authorities relied upon by the appellants to maintain the contrary conclusion were cited and reviewed by us, and the conclusion reached that the owner of an automobile purchased for the use of his family is liable to third persons for injuries sustained through its negligent driving by any member of the family of the owner who has permission from him to drive it, whether it is driven on the immediate business of the owner or for the pleasure of the person driving it. In the case cited, the question is discussed, both from the standpoint of principle and authority, and it is unnecessary to further elaborate the argument.

Complaint is made concerning certain instructions of the court, but these we think merit no special consideration. The court's instructions were somewhat lengthy, but the rights and liabilities of the appellants were clearly defined therein, and we fail to find that the jury were in any manner misdirected.

Finally, it is said that the evidence does not justify the verdict. The appellants' evidence undoubtedly would have justified a finding in their favor, but it is equally clear that the evidence on the part of the respondent sustains the verdict rendered. This evidence we have outlined in our statement of the case, and it is unnecessary to again repeat it. There being thus discordant views as to the facts giving rise to the injury, we are bound by that view adopted by the jury.

The judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and MORRIS, JJ., concur.