[No. 37978. Department One. January 6, 1966.]

DAVIS E. MILLS et al., *Appellants*, v. DUANE LEE PARK et al., *Respondents.**

*Reported in 409 P.2d 646.

*Charles T. Morbeck,* for appellants.

*Hughes & Jeffers,* for respondents.

HUNTER, J.—This case arises from a rear-end automobile collision which occurred during a severe snowstorm in Douglas County, January 19, 1964, at 1:30 p.m., on State Highway No. 174, about 11 miles east of Leahy Junction. At the time of the collision, Davis E. Mills and his wife, plaintiffs (appellants), were traveling in an easterly direction. By reason of the poor visibility, they were proceeding at a speed of approximately 10 miles an hour, and were following a state highway snowplow some 810 feet to the east of the crest of Taylor Hill.

Duane Lee Park, defendant (respondent), 18 years of age, was driving the car of his grandfather, N. M. Vernier, in an easterly direction to the rear of plaintiffs' car. Vernier, as guardian ad litem for Duane, and Mrs. Vernier, were joined as defendants (respondents). For convenience, we will refer to the minor driver as if he were the sole defendant (respondent).

The defendant, traveling in the same direction as the plaintiffs, failed to observe the plaintiffs' car in time to avoid the rear-end collision. The plaintiffs were injured, and an action to recover damages from the defendant fol-

lowed. At the conclusion of a jury trial, the court entered judgment on a verdict in favor of the defendant. Plaintiffs moved for a judgment notwithstanding the verdict or in the alternative for a new trial, which was denied. The plaintiffs appeal.

The trial court granted plaintiffs' motion to strike defendant's allegation of contributory negligence, from which no cross-appeal was taken. The issue of liability was thus restricted to the negligence of the defendant, if any, proximately resulting in the injuries sustained by the plaintiffs.

The plaintiffs contend the trial court erred in giving instruction No. 8, on the issue of sudden emergency, which states:

> An automobile driver who, *by the negligence of another* and not by his own negligence, is suddenly placed in a position of peril and compelled to act instantly to avoid injury is not guilty of negligence if he makes such a choice as a reasonably prudent and careful person placed in such a position might make, even though he did not make the wisest choice. (Italics ours.)

Plaintiffs argue that the instruction erroneously injects the issue of plaintiffs' contributory negligence, which was not an issue in the case. We agree. The jury could reasonably infer therefrom that the negligence by the other person referred to was that of the plaintiff driver. The plaintiffs were thereby prejudiced since the defendant's allegation of the plaintiffs' contributory negligence had been stricken.

The plaintiffs also contend that instruction No. 8 was erroneously given because it was not supported by evidence of a sudden occurrence, for which the defendant was not responsible, creating an emergency which would justify the giving of the instruction. Defendant's counsel argues, however, that the instruction was properly supported by evidence under the theory alleged in defendant's pleadings that the defendant's view of the plaintiffs' car was obscured by the snow blown back onto the road as it was being removed by the state snowplow, thus creating an emergency and accounting for the sudden appearance

of the plaintiffs' car ahead. This theory, however, is not supported by the record, as disclosed by the defendant's own testimony.

The defendant's testimony, which we paraphrase, was to the effect that he was passed by the plaintiffs' car, driving in an easterly direction, at Leahy Junction, about 10 miles west of the scene of the accident; that about one-half mile west of the crest of Taylor Hill, the defendant passed a state highway snowplow going westerly; that the visibility of the highway was so poor he had difficulty in avoiding a collision with the snowplow; that visibility by reason of the falling and blowing snow *continued to become increasingly worse;* that "it was like being in a white room" and he "just couldn't see a thing." He decreased his speed to about 20 to 35 miles per hour, and first observed the plaintiffs' car when it was 10 to 15 feet away. He swerved to the left but was unable to avoid skidding into the rear of plaintiffs' car.

In view of the foregoing testimony, we find no support for counsel's argument that defendant's view was *suddenly obscured,* prior to his approaching the plaintiffs' car, thereby creating a sudden emergency. The defendant's view of the road ahead was continuously obscured for a substantial distance prior to his seeing the plaintiffs' car; therefore, the giving of the emergency instruction under defendant's theory of an emergency, as framed in his pleadings, *supra,* was prejudicial to the plaintiffs, and the plaintiffs' motion for a new trial should have been granted.

The plaintiffs further contend that the new trial should be limited to the issue of damages only. We disagree. Whether the defendant was negligent in the operation of the automobile, under the circumstances, was properly a question for the jury.

For the guidance of the trial court in the retrial of the cause, we will now consider the remaining assignments of error.

█ The plaintiffs assign error to the trial court's refusal to permit the defendant to answer the question as to whether he had a valid driver's license at the time of the

collision. We find nothing in the record to show a causal relation between the defendant's failure to have a valid driver's license and his asserted acts of negligence. The ruling of the trial court disallowing the inquiry was proper.

Plaintiffs assign error to the failure of the trial court to allow the introduction of the answer to an interrogatory stating the defendant had appeared in juvenile court and surrendered his driver's license, for the purpose of showing it was inconsistent with a statement in his deposition that he had never been convicted of any traffic violation and had never appeared in any court.

■ A juvenile court is not a criminal court. The inference that the defendant was required to surrender his driver's license by reason of a conviction was misleading. The trial court did not err in denying the introduction of the answer to the interrogatory *supra*.

■ The plaintiffs assign error to the trial court's failure to admit certain other interrogatories. Plaintiffs' counsel failed, however, to indicate the portion of the record to which he referred in his arguments regarding this assignment of error. We are not required to search the record for applicable portions thereof in support of the plaintiffs' arguments. Rule on Appeal 42(f), RCW vol. 0.

Plaintiffs further contend the trial court erred in refusing to admit certain testimony of defendant's doctor in his deposition. The excluded testimony includes the cross-examination of the doctor with relation to an article published in the American Medical Association Journal of February, 1958.

■ The issue involved in this assignment of error was fully discussed in *Dabroe v. Rhodes Co.*, 64 Wn.2d 431, 392 P.2d 317 (1964). In that case, the record was insufficient to enable us to determine whether the article in question was an authoritative medical treatise. We there said, in the absence of a concession that the medical treatise is authoritative:

the burden of proving that the text or treatise is authoritative should be upon the cross-examiner. *Dabroe v. Rhodes Co., supra,* at 438.

The plaintiffs failed to meet this burden in the instant case, and the evidence relative to the witness' knowledge of the article was therefore properly refused.

The plaintiffs assign error to the trial court's instruction No. 11. The trial court therein instructed the jury not to allow any recovery for future loss of earnings by the plaintiff Davis Mills, in the event it found the defendant liable. Plaintiffs argue that there was sufficient evidence in the record from which the jury could allow recovery for future loss of earnings by the plaintiff Davis Mills. We agree.

 In the testimony admitted from the deposition of defendant's own medical witness was the following:

Q. And from your examination yesterday were you able to determine how long it will be before Mr. Mills' fusion will be healed so that he will be *able to return to his normal activities?* A. I think the fusion first is going to go ahead and heal in another *four months perhaps,* but there is a period of time subsequent to that before he reaches a static condition where he could be reasonably evaluated regarding his disability then. (Italics ours.)

The jury was entitled to consider the issue of this plaintiff's damages for future loss of earnings, on the basis of this medical testimony.

Error is assigned to the trial court's instruction No. 13, which instructed the jury that if it found for the plaintiffs, it was to make no "reward" to Inez Mills for permanent, partial disability. Plaintiffs argue that the following testimony from Mrs. Mills' doctor would support such an award:

Q. Now, with an injury of this kind to her neck, would she be subject to episodes of pain from now on? A. Yes, she has a defect in her neck which predisposes to episodes of pain. It may be trivial, the type pain she can live with, but she is going to have from now on some predisposition, some recurrences of neck pain and perhaps headache.

The ruling of the trial court was proper. This testimony does not show Mrs. Mills would be permanently partially disabled by reason of the recurrence of neck pains and headaches. The testimony relates, rather, to the category of damages for future pain and suffering.

The plaintiffs also argue that the use of the word "reward" instead of "award" in instruction No. 13 was prejudicial to the plaintiffs. We agree that the use of the word was improper; however, we do not believe its use was prejudicial, when considered in context with the damage instructions given.

Plaintiffs further assign error to the trial court's refusal to give its proposed instruction on life expectancy, since the record indicates plaintiff Inez Mills will suffer pain "from now on." The jury was entitled to consider the length of time this suffering would continue in its determination of what recovery, if any, it would allow this plaintiff for future pain and suffering. It was therefore error to refuse to instruct the jury on her life expectancy. *DeKoning v. Williams*, 47 Wn.2d 139, 143, 286 P.2d 694 (1955).

In view of our disposition of the case, we need not consider the plaintiffs' remaining assignments of error.

The judgment is reversed, and the cause is remanded for a new trial, consistent with the views expressed herein. Costs will abide the final determination of the cause.

ROSELLINI, C. J., WEAVER and HALE, JJ., and BARNETT, J. Pro Tem., concur.