# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 72709-5-I |
| ALINA FAROOQ, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| AZEEM KHAN, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 18, 2016 |

TRICKEY, A.C.J. — Azeem Khan appeals from the trial court's order on reconsideration. He contends the court lacked authority to rule on an untimely motion for reconsideration. But the trial court retains broad authority to rule on post-decree disputes in family law proceedings. Here, after entry of a dissolution decree, parenting plan, and child support order, both parties asked the trial court to rule on various matters and expressly waived any objection to the timeliness of their requests. Because Khan fails to demonstrate that the trial court lacked authority to enter the resulting orders, we affirm.

## FACTS

For purposes of this appeal, the relevant facts are undisputed. Alina Farooq, a resident of the state of Georgia, and Azeem Khan, a Washington State resident, met online in June 2011 and engaged in a long-distance dating relationship. In May 2012, Farooq and Khan participated in a three-day Islamic religious and cultural event that they understood to be a wedding ceremony. Although Farooq and Khan held themselves out to be married, they never obtained a marriage license.

Farooq and Khan moved to Washington, purchased a house together, and became the parents of a son. The parties separated in February 2013.

On August 12, 2013, Farooq petitioned for dissolution of a "committed intimate relationship,"[1] entry of a parenting plan and child support order, and an equitable distribution of property. Following a trial in August 2014, the court found the parties were in a committed intimate relationship and dissolved the relationship.

On September 5, 2014, the trial court entered findings of fact and conclusions of law, a final parenting plan, and a decree of dissolution of committed intimate relationship that distributed the parties' real and personal property. The final order of child support was filed on September 6, 2014. Concerned that both Farooq and Khan had "little respect for court orders and 'boundaries,'"[2] the trial court retained jurisdiction "over post-decree matters," including motions to enforce and clarify the court's orders.[3]

On September 16, 2014, Khan filed a "Motion and Memorandum for Reconsideration of Final Orders Entered on September 5, 2014."[4] Among other things, Khan asked the court to amend or adjust certain provisions of the final parenting plan based on allegations that Farooq's post-decree conduct violated the court's final orders. Khan also asked the court to reconsider or clarify portions of the decree of dissolution, the order of child support, and the judgment for guardian ad litem expenses.

Farooq's response to Khan's motion for reconsideration, which included her own motion for reconsideration, was not filed until October 13, 2014. By letter ruling,

---

[1] Clerk's Papers (CP) at 4.
[2] CP at 12.
[3] CP at 17.
[4] CP at 143 (capitalization omitted).

2

the trial court noted that both parties' motions for reconsideration appeared to be untimely under CR 59(b) as to the final orders filed on September 5. Because each party had actual notice of the other parties' motions, however, the court invited the parties to submit a statement waiving the requirement of the rule if they wanted the court "to entertain each party's motion for reconsideration"[5] and decide both motions within 10 days.

On October 16, 2014, the trial court entered an order on reconsideration granting each party some of the requested relief. The order noted that both parties had agreed by e-mail "to waive any objections to timeliness of the motions."[6] On the same day, the court entered an amended dissolution decree and amended order of child support. On November 14, 2014, the court entered an amended dissolution decree and orders clarifying the order on reconsideration.

Khan appeals.

## ANALYSIS

We note initially that both parties' briefs fail to comply with multiple provisions of the Rules of Appellate Procedure (RAP), including RAP 10.3(a)(6), which requires a party to support arguments with "citations to legal authority and references to relevant parts of the record." This omission is not a mere technicality. An appellate court will not search through the record for evidence relevant to a litigant's arguments. See Mills v. Park, 67 Wn.2d 717, 721, 409 P.2d 646 (1966). Even though both parties are self-represented litigants, we will hold them to the same

---

[5] CP at 373.
[6] CP at 465.

3

standards as an attorney. See In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). The failure to comply with procedural rules may preclude review. Olson, 69 Wn. App. at 625.

Farooq's response brief consists primarily of factual allegations unsupported by any coherent legal argument or meaningful reference to the record. She also asks this court to correct several alleged trial court errors, including the trial court's finding that the parties were not married. But in order to obtain affirmative relief, a respondent must file a notice of cross appeal. RAP 5.1(d). Because Farooq failed to file a notice of cross appeal, we decline to consider the alleged trial court errors. See Phillips Bldg. Co., Inc. v. An, 81 Wn. App. 696, 700 n.3, 915 P.2d 1146 (1996) ("[A] notice of a cross appeal is essential if the respondent seeks affirmative relief as distinguished from the urging of additional grounds for affirmance.").

## Motion for Reconsideration

On appeal, Khan contends that the trial court lacked authority to enlarge the time for Farooq to file her motion for reconsideration. He argues that this court must therefore reverse those portions of the order on reconsideration that granted relief to Farooq, leaving in place only the relief that the court granted to Khan.[7]

Under CR 59(b), a party must file a motion for reconsideration "not later than 10 days after the entry of the judgment, order, or other decision." The trial court "may not extend the time for taking any action under . . . [CR] 59(b)." CR 6(b).

---

[7] Khan concedes that his own motion for reconsideration was timely only as to the order of child support filed on September 6, 2014, even though he also requested relief from the final orders filed on September 5, 2014. Khan does not identify what relief he believes the trial court properly granted in response to his motion for reconsideration.

4

Consequently, the trial court here had no discretionary authority to extend the time to file a motion for reconsideration under CR 59(b). See Metz v. Sarandos, 91 Wn. App. 357, 360, 957 P.2d 795 (1998) (trial court's enlargement of 10-day CR 59 deadline constituted reversible error); see also Schaefco v. Columbia River Gorge Comm'n, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993). But Khan's arguments fail to address the trial court's independent authority to act under the specific circumstances of this case.

This was a family law proceeding. Superior courts enjoy a broad constitutional and statutory grant of subject matter jurisdiction to hear and determine all dissolution matters. See In re Marriage of Thurston, 92 Wn. App. 494, 498, 963 P.2d 947 (1998); WASH. CONST. art. IV, § 6; RCW 26.12.010. The dissolution court's authority extends to post-dissolution matters as well, including the authority to clarify, modify, and enforce its orders, as well as settle disputes between the parties. See, e.g., In re Marriage of Mathews, 70 Wn. App. 116, 126, 853 P.2d 462 (1993); In re Marriage of Greenlee, 65 Wn. App. 703, 710, 829 P.2d 1120 (1992); see also In re Marriage of Langham and Kolde, 153 Wn.2d 553, 560, 106 P.3d 212 (2005).

On appeal, Khan fails to address the trial court's express retention of jurisdiction over post-decree matters, including motions to enforce and clarify. Nor has he addressed the trial court's authority in light of the parties' request that the court rule on the pending motions and their agreement to waive any objection to the timeliness of the motions. Khan asserts that the record fails to disclose precisely what he agreed to. But as the appellant, Khan bears the burden of providing this

5

court with a record sufficient to review the issues on appeal. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

Khan's arguments focus solely on timeliness under CR 59(b). He does not address the court's continuing and independent authority to rule on post-decree family law matters. Because Khan fails to present any argument suggesting that the trial court lacked authority to grant the specific relief that the parties requested under the circumstances here, we decline to address the alleged errors. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

### Child Support Credit

Khan also contends the trial court erred by failing to account for a total of $42,700 that he voluntarily paid to Farooq after the parties separated. He argues that by failing to credit these payments to his child support obligation, the trial court "necessarily attributed it to maintenance,"[8] in violation of RCW 26.09.060 (specifying circumstances in which the trial court can award maintenance). Nothing in the record supports Khan's allegations.

The findings of fact and conclusions of law expressly provide that the trial court did not award maintenance because the parties "were not legally married and maintenance was not requested."[9] In his motion for reconsideration, Khan noted that the order of child support included a judgment of $13,426.70 for back support. But

---

[8] Br. of Appellant at 9.
[9] CP at 9.

Khan did not challenge or seek reconsideration of the amount of the judgment. Nor has Khan indicated how—or even whether—he raised this issue in the trial court.

Khan also references several trial court exhibits in support of his claims, but he does not identify the nature of the exhibits or explain how they support his allegations. Moreover, several of the referenced exhibits are not part of the record on appeal. Khan fails to demonstrate any error.

Affirmed.

_Trickey, ACJ_

WE CONCUR:

_____

_____