
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHARLES ALEC WINTON, | ) | No. 76377-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RITA CAGLIOSTRO, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 16, 2018 |

PER CURIAM – This case arises from a child custody dispute initially litigated in Oregon. The mother, Rita Cagliostro, subsequently moved in King County Superior Court to have the father, Charles Winton, held in contempt under the terms of the Oregon court's decision. A court commissioner denied the motion, ruling that the court lacked personal jurisdiction over Winton. The superior court denied Cagliostro's motion to revise the commissioner's ruling. We affirm.

Although the procedural history of this case is not entirely clear, it appears to stem from child custody orders entered by the Multnomah County Circuit Court in Oregon. Those orders pertain to Cagliostro's child, who resides in Oregon with the child's father and custodial parent, Charles Winton. Based on the terms of those orders, Cagliostro commenced this action in King County Superior Court, alleging that Winton violated the Oregon orders and should be held in contempt.

A court commissioner denied her contempt motion, finding that Winton and the child resided in Oregon and that the court lacked personal jurisdiction over Winton. The superior court denied Cagliostro's motion for revision. Cagliostro appeals.

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal.[1] Failure to do so may preclude review.[2] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[3] Arguments unsupported by references to the record or citation to authority need not be considered.[4] Appellate courts are not required to search the record to locate the portions relevant to a litigant's arguments.[5] And conclusory claims presented without meaningful argument or relevant authority need not be considered.[6] Finally, briefs should contain a table of contents, a table of cases, and assignments of error.[7]

Cagliostro's brief repeatedly violates these rules. The brief contains no assignments of error, table of cases, or table of contents. Although she filed

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[3] RAP 10.3(a)(6).

[4] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[5] Mills v. Park, 67 Wn.2d 717, 721, 409 P.2d 646 (1966).

[6] See State v. Rafay, 168 Wn. App. 734, 843, 285 P.3d 83 (2012).

[7] RAP 10.3(a).

clerk's papers, her brief fails to cite them or any other part of the record. Many of her arguments are not supported by relevant authority, and the majority of her brief discusses matters unrelated to the appealed orders. The unrelated matters include alleged deficiencies in the Oregon court orders and claims that Winton's former counsel committed torts and violations of the rules of professional conduct. Taken together, these violations of the RAP are fatal to the appeal.

In any case, Cagliostro's brief fails to demonstrate any error in the superior court's determination that it lacked personal jurisdiction.[8] The brief makes no mention of personal jurisdiction, and while Cagliostro mentions the UCCJA's section on "Temporary emergency jurisdiction," RCW 26.27.231(1), she mentions it in the context of matters involving the Oregon courts, not the King County Superior Court.

Affirmed.

FOR THE COURT:

---

[8] Cagliostro also presents several arguments in her notice of appeal. To the extent those arguments are not raised again in her brief, we deem them abandoned.