

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| TIMOTHY BRUCE PRICE, | ) | |
| | ) | No. 40707-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF HEALTH, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, A.C.J. — Timothy Price's license to practice as a chiropractor was

suspended after he was found to have committed unprofessional conduct. Dr. Price

appeals, arguing the "Health Law Judge"[1] (1) applied the incorrect standard of proof; (2)

failed to address prior rulings in his "Findings of Fact, Conclusions of Law, and Initial

Order" (Initial Order); (3) erred by granting partial summary judgment in favor of the

---

[1] Dr. Price challenges the findings and conclusions of the "Health Law Judge."
We refer to the "Health Law Judge" as the "presiding officer" per WAC 246-10-102(11).
Further, our review is limited to the final order issued by the review officer, not the
presiding officer's initial order. *Verizon Nw., Inc. v. Emp. Sec. Dep't*, 164 Wn.2d 909,
915, 194 P.3d 255 (2008). Consequently, we focus our review on the review officer's
final order where Dr. Price cites to the findings and conclusions of the "Health Law
Judge."

Department of Health (Department) and denying his request for a continuance; (4) failed to consider mitigating factors; (5) erred in finding Dr. Price engaged in "sexually demeaning behavior;" (6) erred in declining to apply the Washington Law Against Discrimination, chapter 49.60 RCW (WLAD); and (7) failed to make independent legal conclusions. Appellant's Br. at 1-2, 5. We either disagree with Dr. Price's arguments or decline review of the argument and affirm.

BACKGROUND

The Chiropractic Quality Assurance Commission (Commission), chapter 18.25 RCW, is authorized by statute to "regulate the competency and quality" of chiropractors and is tasked with "establishing, monitoring, and enforcing qualifications for licensing, consistent standards of practice, continuing competency mechanisms, and discipline." RCW 18.25.002; RCW 18.130.040(2)(b)(ii). However, the secretary of the Department, or the secretary's designee, serves as the disciplining authority throughout the disciplinary process when a complaint against a chiropractor alleges only unprofessional conduct involving sexual misconduct. RCW 18.130.062(1); RCW 18.130.020(11).

The Uniform Disciplinary Act (UDA), chapter 18.130 RCW, standardized the licensing and disciplinary procedures for health care professions and authorizes the discipline of license holders for unprofessional conduct. RCW 18.130.010; RCW 18.130.180; RCW 18.130.040(2)(b)(ii); RCW 18.130.050. Disciplinary proceedings are

2

governed by Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, and the UDA. RCW 18.25.019; RCW 18.130.100.

Generally, an investigation under the UDA begins with a complaint of unprofessional conduct. RCW 18.130.080(1)(a). When the Department receives a complaint, it investigates to determine whether there has been unprofessional conduct. RCW 18.130.080(2). If the Department determines unprofessional conduct has occurred, it serves the license holder with a statement of charges. RCW 18.130.090(1). The license holder can then request an adjudicative hearing before a presiding officer. RCW 18.130.090(1); WAC 246-11-270. Adjudicative hearings are governed by the APA. RCW 18.130.100.

The Commission issued a chiropractic license to Dr. Price in 2003. Dr. Price provided chiropractic care to Patient A between 2019 and 2021. Dr. Price and Patient A engaged in a sexual relationship between December 2020 and February 2021. After receiving a complaint regarding Dr. Price's alleged sexual misconduct with Patient A, the Commission referred the matter to the Department. Following an investigation, the Department charged Dr. Price with unprofessional conduct in violation of RCW 18.130.180(7), RCW 18.130.180(24), and WAC 246-808-590 via a statement of charges.

After the statement of charges was issued, the Department moved for partial summary judgment, seeking an order concluding that Dr. Price had committed unprofessional conduct as charged. Dr. Price opposed the motion arguing, among other

3

things, that summary judgment would deprive him of a right to pursue settlement and alternative dispute resolution and "would deny him due process." Administrative Record (AR) at 349. Dr. Price also requested a continuance to pursue a settlement conference or alternative dispute resolution. The Department opposed the motion for a continuance. The presiding officer denied Dr. Price's motion to continue and granted the Department's motion for partial summary judgment. The presiding officer concluded there was no genuine issue of material fact that Dr. Price engaged in sexual activity and sexual contact with Patient A and that Patient A was his patient during the relevant time.

The matter proceeded to a hearing to determine the remaining issue of sanctions. At the conclusion of the hearing, Dr. Price filed a brief arguing the suspension of his license as a sanction, if imposed, would be arbitrary and capricious. He supported this argument with reference to agreed orders in other Commission disciplinary matters. The presiding officer later issued his Initial Order. In the Initial Order, the presiding officer found Dr. Price had "engaged in sexual contact, sexual activity, and sexually demeaning behavior with Patient A." AR at 632. The presiding officer also found that Dr. Price used alcohol to cope with the "family-related stress" he was experiencing at the time. AR at 632. Due to the "legal uncertainty regarding the standard of proof for disciplinary proceedings," the presiding officer applied both the preponderance of the evidence standard of proof and clear and convincing standard of proof. AR at 634. The presiding officer found that Dr. Price committed unprofessional conduct under either standard.

The presiding officer considered numerous "aggravating" and "mitigating" factors in determining the appropriate sanction. AR at 637. Ultimately, the presiding officer ordered that Dr. Price's license to practice as a chiropractor be suspended for four and one-half years, among other sanctions.

Dr. Price petitioned for administrative review of the Initial Order. Thereafter, a review officer issued its "Findings of Fact, Conclusions of Law, and Final Order" (Final Order). AR at 699-718. The Final Order addressed Dr. Price's arguments on administrative appeal and affirmed and adopted the Initial Order's findings of fact and conclusions of law. However, the Final Order struck "both instances of 'sexually demeaning behavior' from the Final Order." AR at 710.

Dr. Price appealed the Final Order to the superior court. Following a hearing, the superior court denied Dr. Price's requested relief, finding that he failed to specify under which provision of RCW 34.05.570 he was seeking review. The court also found that Dr. Price's arguments would not have been meritorious under any of the statute's provisions and that he was not "'substantially prejudiced'" by any of his alleged errors. Clerk's Papers at 307 (quoting RCW 34.05.570(1)(d)).

Dr. Price appeals to this court.

## ANALYSIS

The APA governs review of agency actions. *Crosswhite v. Dep't of Soc. & Health Servs.*, 197 Wn. App. 539, 547, 389 P.3d 731 (2017). We review the review officer's

final order, rather than the initial order issued by the presiding officer. *Verizon Nw., Inc. v. Emp. Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We will grant relief from an agency's final order only when one of nine statutory elements contained in RCW 34.05.570(3) is met.[2] This court will only grant relief when the action

---

[2] RCW 34.05.570 provides:

(3) Review of agency order in adjudicative proceedings. The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that:

(a) The order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;

(b) The order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law;

(c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;

(d) The agency has erroneously interpreted or applied the law;

(e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter;

(f) The agency has not decided all issues requiring resolution by the agency;

(g) A motion for disqualification under RCW 34.05.425 or 34.12.050 was made and was improperly denied or, if no motion was made, facts are shown to support the grant of such a motion that were not known and were not reasonably discoverable by the challenging party at the appropriate time for making such a motion;

(h) The order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency; or

(i) The order is arbitrary and capricious.

complained of results in substantial prejudice to the person seeking judicial relief. RCW 34.05.570(1)(d). Under the APA, the party challenging the validity of the agency action bears the burden of demonstrating its invalidity. RCW 34.05.570(1)(a).

Preliminarily, Dr. Price's brief does not contain an assignment of error section (RAP 10.3(a)(4)) nor does it engage with the APA standards of review. Further, Dr. Price's appeal challenges the actions of the presiding officer rather than the review officer's Final Order. Regardless of these deficiencies, we exercise our discretion and review some of Dr. Price's claimed errors.[3] We decline review of other purported errors under RAP 10.3(a)(6).

WHETHER THE REVIEW OFFICER APPLIED THE INCORRECT STANDARD OF PROOF

Dr. Price argues the review officer applied the incorrect standard of proof. He contends the correct standard is the clear and convincing standard. The Department responds that the review officer did not err because the review officer applied both standards and found each had been met. We agree with the Department.

WAC 246-10-606(3) states, "Except as otherwise required by law, the burden in all cases is a preponderance of the evidence." For physicians and registered nursing assistants, our Supreme Court has determined that, in light of the property interests

---

[3] Dr. Price's reference to the presiding officer is of little consequence as the Final Order adopted the Initial Order's findings of fact and conclusions of law except for the presiding officer's finding of "sexually demeaning behavior." AR at 710.

implicated by those types of licenses, the standard of proof is clear and convincing. *Nguyen v. Dep't of Health Med. Quality Assurance Comm'n*, 144 Wn.2d 516, 534, 29 P.3d 689 (2001); *Ongom v. Dep't of Health Office of Prof. Standards*, 159 Wn.2d 132, 148 P.3d 1029 (2006), *overruled by Hardee v. Dep't of Soc. & Health Servs.*, 172 Wn.2d 1, 256 P.3d 339 (2011); *but see Islam v. Dep't of Early Learning*, 157 Wn. App. 600, 609, 238 P.3d 74 (2010). Washington courts have not specifically articulated the standard of proof applicable to chiropractors.

The review officer adopted the conclusions of law from the Initial Order. The presiding officer concluded in the Initial Order that "[g]iven the legal uncertainty regarding the standard of proof for disciplinary proceedings, the evidence in this matter will be evaluated under both the clear and convincing standard, as well as the preponderance of the evidence standard." AR at 634. The Initial Order also concluded that the Department "proved by a preponderance of the evidence and clear and convincing evidence that [Dr. Price] committed unprofessional conduct as defined in RCW 18.130.180(7)," WAC 246-808-590, and RCW 18.130.180(24). AR at 634.

Because the review officer applied both standards of proof, Dr. Price cannot show he was prejudiced, even if we determined either standard of proof applied. Indeed, regardless of the standard applicable to chiropractors, the review officer erred on the side of caution and applied the more stringent standard of clear and convincing evidence.

8

WHETHER THE REVIEW OFFICER FAILED TO ADDRESS PRIOR RULINGS

Dr. Price argues the review officer erred by failing to address prior rulings in its Initial Order. The Department urges us to decline review of this issue due to Dr. Price's lack of reasoned argument and his failure to cite to legal authority or the record. We agree with the Department.

RAP 10.3(a)(6) requires a party to an appeal to provide argument in support of the issues presented for review and citations to relevant legal authority. The purpose of RAP 10.3(a) "is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." *Hurlbert v. Gordon*, 64 Wn. App. 386, 400, 824 P.2d 1238 (1992). Consequently, we will not consider conclusory arguments unsupported by citation to authority. *Joy v. Dep't of Lab. & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012). Moreover, passing treatment of an issue or lack of reasoned argument is insufficient to merit this court's consideration. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012).

Dr. Price claims, without citation to authority, that when a presiding officer "fails to address pre-hearing motions in making rulings in the case, the petitioner is denied minimal due process." Appellant's Br. at 11. Dr. Price's single paragraph on this issue does not provide any legal authority or citations to the record regarding what prehearing

motions or rulings were not addressed. Due to the inadequacy of the briefing, we decline review of this issue.

### WHETHER THE REVIEW OFFICER ERRED IN GRANTING PARTIAL SUMMARY JUDGMENT AND DENYING DR. PRICE'S REQUEST FOR A CONTINUANCE

Dr. Price argues the review officer erred by granting the Department's motion for partial summary judgment and denying his request for a continuance to pursue settlement and alternative dispute resolution. He also posits the review officer erred in finding it had jurisdiction where a settlement conference had not yet been conducted. We disagree with Dr. Price's arguments.

Prior to the hearing, the Department moved for partial summary judgment on the issue of whether Dr. Price committed unprofessional conduct by violating RCW 18.130.180(7) and (24) and WAC 246-808-590. Dr. Price moved for a continuance "to allow a settlement conference to occur." AR at 541. He also argued summary judgment should not be granted until "the parties are able to engage in alternative dispute resolution pursuant to RCW 18.130.098." AR at 545. The presiding officer granted partial summary judgment and denied Dr. Price's continuance request.

Dr. Price relies on RCW 18.130.098 for his argument that alternative dispute resolution is a "legislative guarantee." RCW 18.130.098(1) states, "The disciplinary [disciplining] authorities *may* also use alternative dispute resolution to resolve complaints during adjudicative proceedings." (Emphasis added.) The word "may" indicates alternative dispute resolution is permissive or discretionary, not mandatory. *See also* AR

10

at 703-04. Thus, the presiding officer did not err in granting summary judgment even though the parties did not engage in alternative dispute resolution.

Dr. Price also claims the presiding officer erred in denying his request for a continuance because he had not attempted written settlement negotiations before requesting a settlement conference. Whether to grant or deny a continuance is within the presiding officer's discretion. *Trummel v. Mitchell*, 156 Wn.2d 653, 670, 131 P.3d 305 (2006). RCW 18.130.098(3) states, "The settlement conference will occur only if a settlement is not achieved through written documents." Dr. Price provided no evidence that written settlement negotiations had occurred, let alone failed. As the presiding officer properly found, "the mere possibility of a future settlement [conference] is not good cause for" a continuance. AR at 546. The presiding officer did not abuse his discretion in denying Dr. Price's request for a continuance.

Finally, Dr. Price argues, without citation to authority, that jurisdiction was improper without a settlement conference. Because Dr. Price fails to cite any authority to support this proposition, we decline to address or consider it.

WHETHER THE REVIEW OFFICER FAILED TO CONSIDER MITIGATING FACTORS

Dr. Price argues the review officer's refusal to consider prior decisions resulted in an arbitrary and capricious sanction and that the review officer failed to consider mitigating factors. We disagree.

Dr. Price points to two cases that he contends "involved more serious and egregious facts that resulted in lesser sanctions." Appellant's Br. at 10. He argues these cases are relevant to establishing proportionality in imposing sanctions and the failure to consider them resulted in an arbitrary and capricious sanction. However, each case presents a unique set of circumstances that will yield different outcomes. The review officer was not bound to follow the sanctions imposed in other cases. Dr. Price does not argue the review officer failed to follow the statutorily prescribed sanction process. *See* RCW 18.130.160; RCW 18.130.390; WAC 246-16-800. Nor does he argue the sanction imposed was outside of the applicable range found in WAC 246-16-820. Thus, his argument that the sanction imposed was arbitrary and capricious fails.[4]

Moreover, Dr. Price contends the review officer failed to consider mitigating factors "reflected in the record." Appellant's Br. at 18. Dr. Price fails to include any citations to the record that would direct this court to the evidence he claims was not considered. This court is "not required to search the record for applicable portions thereof in support of [a party's] arguments." *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966). For this reason, we decline to address this issue.

---

[4] Dr. Price also argues the disciplinary process was not substantially uniform, contrary to RCW 18.130.098. But RCW 18.130.098 mandates "substantial uniform[ity]" in the settlement process. Moreover, to the extent he argues the presiding officer or review officer departed from the standardized procedures mandated in Title 246-16 WAC, he fails to support that argument with citations to the record or authority or otherwise explain how that code was violated.

WHETHER THE REVIEW OFFICER ERRED IN DETERMINING "SEXUALLY
DEMEANING BEHAVIOR" WAS A FACTUAL FINDING

Dr. Price next argues the presiding officer's finding that his contact with Patient A constituted sexually demeaning behavior is not supported by the record. However, the review officer deleted this language from the Final Order. Thus, the issue is moot.

WHETHER THE REVIEW OFFICER PROPERLY DECLINED TO APPLY THE WLAD

Dr. Price contends the review officer erred by not applying the WLAD. He argues he "maintained that his mental and drug addictions must be considered as a factual issue based on WAC 16-22-040(1)(a)" and that the review officer "failed to consider this argument regarding mental health and addiction in his ruling." Appellant's Br. at 16-17. We disagree.

In the Final Order, the review officer specifically addressed Dr. Price's WLAD argument. As the review officer properly found, "WLAD is not a defense to the UDA or any other action." AR at 704. Instead, the WLAD prohibits *employers* from discriminating, harassing, and retaliating against employees in protected classes. RCW 49.60.010; RCW 49.60.180; RCW 49.60.030. WLAD has no applicability to this case; the review officer did not err in declining to apply it.

WHETHER THE REVIEW OFFICER ERRED BY FAILING TO MAKE INDEPENDENT LEGAL CONCLUSIONS

Dr. Price argues the review officer failed to make independent legal conclusions, evidenced by its reiteration of the Department's argument and requested sanction in its conclusions of law. We disagree.

This issue is not adequately developed in Dr. Price's briefing nor is it supported by authority. Dr. Price's argument on this issue consists of one paragraph, and he simply states, "The listing of the government's requested sanction as a 'Conclusion of Law' raise[d] an argument that the Health Law Judge failed to make independent legal conclusions." Appellant's Br. at 21. Under RAP 10.3(a)(6), we decline review of the claimed error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, A.C.J.

WE CONCUR:

_____    _____
Lawrence-Berrey, J.                    Hill, J.