IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION TWO

| | | |
|---|---|---|
| THERESA CONRADI, | ) | |
| | ) | No. 52859-2-II |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| O'REILLY AUTOMOTIVE, INC. and | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON | ) | |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J.[1] — Theresa Conradi unsuccessfully appealed a decision of the

Board of Industrial Insurance Appeals (Board) to superior court.  She successfully

defended against a cross appeal by O'Reilly Automotive, Inc. (O'Reilly), her former

employer, however, and was awarded her attorney fees and costs.  She had argued that

O'Reilly had no right to appeal, having failed to file a petition for review of the Board's

decision, but the superior court allowed O'Reilly's evidence and argument to be

presented at the jury trial.

---

[1] The Honorable Laurel Siddoway is a Court of Appeals, Division Three, judge
sitting in Division Two under CAR 21(a).

Ms. Conradi appeals, arguing that O'Reilly's cross appeal should have been dismissed and that she is entitled to a new trial at which she does not have to contend with its evidence and claims. We grant O'Reilly's motion to dismiss the appeal as moot.

FACTS AND PROCEDURAL BACKGROUND

Theresa Conradi filed a claim for an industrial injury with the Department of Labor and Industries (Department) in 2012. The claim was allowed and she was paid benefits on and off through 2015. Dissatisfied with the Department's ultimate disposition, she appealed its final orders to the Board. She sought additional time loss benefits, a pension due to permanent total disability, or, if not a pension, then an increased impairment award.

The Industrial Appeals Judge's (IAJ) proposed decision and order granted her the additional time-loss compensation benefits and increased her award for permanent partial disability (PPD) from a Category 2 to a Category 3. It denied the request for a pension.

Ms. Conradi filed a timely petition for review by the Board. Her employer, O'Reilly, did not. When her petition was granted by the Board, however, O'Reilly filed a response in which it raised objections to some of the IAJ's findings of fact and conclusions of law, arguing that Ms. Conradi's claim "should have remained closed without any additional time loss compensation [and] . . . with a Category 2 PPD award." Clerk's Papers at 48.

2

The Board affirmed the IAJ's findings and conclusions, adding a further explanation why Ms. Conradi was not entitled to a pension.

Ms. Conradi appealed the Board's order to superior court. O'Reilly cross appealed. Ms. Conradi moved for an order dismissing O'Reilly's cross appeal, arguing that it had waived objections to the IAJ's proposed decision and order by failing to file its own petition for review. The superior court denied the motion to dismiss.

The appeal proceeded to a jury trial, at which Ms. Conradi renewed her motion to dismiss O'Reilly's cross appeal. The motion was again denied. The trial judge allowed her to have a standing objection to the evidence presented by O'Reilly.

The jury returned a verdict affirming the decision and order of the Board. The trial court awarded Ms. Conradi her attorney fees and costs.

Ms. Conradi appeals. O'Reilly moved to dismiss the appeal as moot.

ANALYSIS

RAP 18.9(c)(2) permits this court to dismiss an appeal if the appeal is frivolous or moot. To decide O'Reilly's motion, we will assume, although we do not decide, that the trial court should have dismissed O'Reilly's cross appeal.

"A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). A court may decide a technically moot case if it involves "matters

3

of continuing and substantial public interest." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Ms. Conradi does not argue that this is such a case; instead, she argues that her case is not moot. "Logically," she argues, "if this court holds that the employer's cross-appeal should have been dismissed, and was improperly before the jury, Ms. Conradi is entitled to a new trial on the sole issue of permanent and total disability." Reply Br. at 1.

In fact, it is *not* logically the case that if an error is made, then a party is entitled to a new trial. We often say that parties are not entitled to a perfect trial. "[T]he perfect case has not been and never will be tried." *Kappelman v. Lutz*, 141 Wn. App. 580, 591, 170 P.3d 1189 (2007), *aff'd*, 167 Wn.2d 1, 217 P.3d 286 (2009). Under the non-constitutional harmless error analysis, the focus is whether a reasonable probability exists that the error affected the outcome. *State v. Romero*, 113 Wn. App. 779, 791-92, 54 P.3d 1255 (2002).

Had O'Reilly's cross appeal been dismissed, it would still have been entitled to present its evidence that Ms. Conradi's injury fell short of the permanent total disability she was claiming. The jury would have been given the same instructions about her claim, and "Washington courts have, for years, firmly presumed that jurors follow the court's instructions." *Diaz v. State*, 175 Wn.2d 457, 474, 285 P.3d 873 (2012). Ms. Conradi's only, wholly speculative suggestion of how she might have been prejudiced by the

superior court's presumed error is that the cross appeal created an option for the jury to "essentially 'split the baby.'"  Br. of Appellant at 16.

Ms. Conradi does not challenge the sufficiency of the evidence to support the jury's verdict rejecting her appeal.  She makes no meaningful effort to demonstrate that the cross appeal affected the outcome of her appeal.  Under these circumstances, there is no effective relief we can provide.

O'Reilly makes a passing request for an award of its reasonable attorney fees and costs on appeal under RAP 18.1 and 18.9, but it fails to devote a section of its brief to explaining the request as required by RAP 18.1(b).  The request is denied.

The appeal is dismissed as moot.[2]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lee, C.J.

_____
Maxa, J.

---

[2] Dismissal could also have been requested on the basis that Ms. Conradi is not an aggrieved party under RAP 3.1.  We dispose of the appeal on the basis raised by O'Reilly.  *See* RAP 12.1.