[No. 36161. Department Two. July 12, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT DAVIS, *Appellant.*[*]

*Garland & Bishop,* by *Marion Garland, Jr.,* for appellant.

*Gordon L. Walgren* and *Jack A. Richey,* for respondent.

[*]Reported in 373 P. (2d) 128.

Oᴛᴛ, J.—August 29, 1960, at approximately 5:30 a. m., Robert Davis was arrested by an officer of the Bremerton Police Department. Davis had four boxes of cigars and a box of candy bars in his possession, with marks identifying them as the property of Warren Martin, owner of the Olympic Recreation and Broiler. The arresting officer had observed Mr. Davis as he forced his entry through a canvas enclosure which surrounded the cigar and confectionery counter.

When the cigar and confectionery counter of the recreation center was not open for business, the canvas curtain which enclosed the area was suspended from the ceiling to within approximately two inches of the floor. That portion of the canvas curtain behind the passageway to the counter was in disrepair, in that it had a tear in it approximately 24 to 29 inches in length. Mr. Davis ripped the opening larger to gain his ingress and egress to the cigar stand.

Mr. Davis left the building with the merchandise, and the officer arrested him as he crossed the street. He was charged with the crime of burglary in the second degree, and, from a judgment and sentence entered upon the verdict of guilty, he has appealed.

■ Appellant first contends that the cigar stand enclosure was not a "room or other structure" as contemplated by the burglary statute.

RCW 9.19.020 provides in part:

"Every person who . . . shall . . . break and enter, or . . . shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree . . ."

RCW 9.01.010 provides in part:

"In construing the provisions of this act, save when otherwise plainly declared or clearly apparent from the context, the following rules shall be observed;

" . . .

"(18) The word 'building' shall include every . . . *tent or booth,* whether completed or not, suitable for afford-

ing shelter for any human being, or *as a place where any property is or shall be kept for use, sale or deposit.*

"   .   .   .

"(20) The word 'break,' when used in connection with the crime of burglary, shall include:

"   .   .   .

"(b) Opening, for the purpose of entering therein, any outer door of a building or of any room   .   .   .   *therein separately used* and occupied, or any window, shutter, scuttle or other thing used for covering or closing any opening thereto or therein, or which gives passage from one part thereof to another;   .   .   ." (Italics ours.)

The enclosed cigar and confectionery counter was a place where property was kept for sale. A booth is defined by Webster's New International Dictionary (2d ed.) as "A covered stall or temporary structure   .   .   ." Giving the word "booth" its usual and ordinary meaning, the canvas enclosure was a structure where property was kept for sale and was within the statutory definition of a "booth," "building or part thereof."

We find no merit in appellant's first contention that the enclosed cigar stand was not a "room or other structure," within the purview of the burglary statute.

Appellant's final assignment of error is that "The State failed to prove the appellant was wrongfully on the property, or that he was intending to commit a crime thereon."

The state does not contend that the appellant was wrongfully in the recreation building, as the card room and facilities, other than the cigar stand, were open to the public 24 hours a day.

Appellant's contention is limited to whether or not he gained wrongful admission to that area which was not open to the public. The state's evidence in this regard is that the booth in question was owned by Warren Martin; that the owner had requested the police department to keep it under surveillance when it was closed to business; that, in conformity with a police officer's request, the merchandise in the cigar stand had been specially marked by the owner; that merchandise so marked was in appellant's possession when he was apprehended, and that the appellant was not

employed by the owner of the merchandise or otherwise authorized to be in the enclosure.

The appellant did not offer himself as a witness or offer any other testimony to refute the evidence of the state. There was sufficient evidence, if believed by the jury, to establish that appellant was wrongfully within the enclosure.

The second portion of the assignment, that the state failed to establish "that he was intending to commit a crime thereon," was not discussed in the brief and we consider it waived. *Kent v. Whitaker*, 58 Wn. (2d) 569, 364 P. (2d) 556 (1961).

The judgment and sentence is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.