# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VALERIE STROUT, a single person; and KATHRYN HANEY, a single person,<br><br>          Appellants,<br><br>          v.<br><br>VICKI McGEE, a single person; WAL-MART STORES, INC, a Delaware corporation; HAIER AMERICA TRADING LLC, a Delaware corporation; PLY GEM PACIFIC WINDOWS CORPORATION, a Delaware corporation, as successor to INSULATE INDUSTRIES, INC.,<br><br>          Respondents. | DIVISION ONE<br><br>No. 84883-6-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Valerie Strout appeals from the judgment entered on a jury's verdict finding Wal-Mart Stores, Inc., not liable in negligence to her. On appeal, Strout asserts that the trial court erred by admitting evidence of her multi-million-dollar settlement agreement with Vicki McGee and Haier America Trading, LLC, offered for the purpose of rebutting certain testimony that she was experiencing financial hardship during the time in question. Strout also asserts that the trial court erred by excluding a testifying witness from the courtroom while the court and legal counsel discussed that witness's testimony in colloquy. Because Strout does not demonstrate how those alleged errors materially affected the

outcome of the trial and because she has waived or forfeited her right to challenge the alleged errors and otherwise not carried her burden to present us with a record of the trial court proceedings adequate for complete appellate review, Strout does not establish an entitlement to appellate relief. Accordingly, we affirm.

I

In an earlier unpublished decision, we summarized the pertinent facts and initial stages of this litigation, stating that, in 2014 when plaintiff's injury was suffered,

> Valerie Strout fell out of the window of a second-story townhouse while trying to grab a portable air conditioner. Strout landed headfirst on the concrete patio. Strout and her daughter Kathryn Haney (collectively, Strout) filed a negligence and product liability lawsuit against the townhouse building owner Vicki McGee, the portable air conditioner manufacturer Haier America Trading LLC, Wal-Mart Stores Incorporated, and window manufacturer Ply Gem Pacific Windows Corporation. The defendants filed summary judgment motions to dismiss. The court denied the motion to dismiss claims against McGee and the claims against Haier under the Washington products liability act (WPLA), chapter 7.72 RCW. The court dismissed the WPLA claims against Wal-Mart and Ply Gem.

Strout v. Wal-Mart Stores, Inc., No. 77235-0-I, slip op. at 1-2 (Wash. Ct. App. July 29, 2019), (unpublished) https://www.courts.wa.gov/opinions/pdf/772350.pdf. In 2017, "McGee and Haier entered into a settlement agreement with Strout. McGee and Haier stipulated to an order of dismissal" and the trial court "entered an order dismissing the claims against McGee and Haier with prejudice." Strout, No. 77235-0-I, slip op. at 15. Strout received a total of $4 million from the settling defendants.

2

Strout also appealed the trial court's dismissal of her claims against Wal-Mart and Ply Gem. Strout, No. 77235-0-I, slip op. at 2. We affirmed the trial court's dismissal of Strout's WPLA claims against Ply Gem, reversed dismissal of her WPLA claim against Wal-Mart (as a product seller under RCW 7.72.040), and remanded for trial. Strout, No. 77235-0-I, slip op. at 2.

Prior to trial, Strout filed a motion in limine seeking, in pertinent part, to exclude evidence of whether she "has received or is entitled to receive benefits from a collateral source" and evidence of "[s]ettlement negotiations or offers of compromise." The trial court reserved its ruling on the collateral source issue and granted, subject to ER 408, Strout's motion to exclude evidence of settlement negotiations or offers of compromise.

A jury trial later commenced between Strout and Wal-Mart. As pertinent here, Strout called two witness to testify: herself and her partner at the time, Robert Lang. On direct examination, Strout testified that, at the time of her injury, she and Lang were experiencing significant financial hardship. Lang, also while on direct examination, testified to their significant financial hardships resulting from Strout's injury. Thereafter, while Lang was on cross-examination, Wal-Mart's counsel requested both a colloquy with the court and that Lang be excluded from the courtroom during the colloquy. The court instructed Lang to step outside of the courtroom, which he did. Strout's counsel did not object to Lang's exclusion.

Wal-Mart's counsel then argued that the preceding testimony concerning Lang's and Strout's financial hardship opened the door to the admissibility of

evidence of Strout's multi-million-dollar settlement agreement with Haier and McGee as evidence of a collateral source. Wal-Mart's counsel argued that the testimony presented left the jury with the impression that Strout and Lang were still experiencing financial hardship.

Strout's counsel argued that such testimony did not clearly reflect whether Strout and Lang remained in a dire financial situation stemming from the 2014 incident. Therefore, Strout's counsel averred, his elicitation of such testimony had not opened the door to the admission of the settlement agreement evidence in question.

Prior to ruling, the trial court sought to gain greater clarity regarding Lang's testimony. The court thus permitted Wal-Mart's counsel to elicit further testimony from Lang in order to clarify the asserted testimonial ambiguities identified by Strout's counsel.

After Wal-Mart's counsel conducted additional cross-examination of Lang, the attorney requested another colloquy, with Lang again being excluded from the courtroom. Strout's counsel again did not object. After additional argument, the trial court indicated that it needed yet additional clarification regarding Lang's testimony before it could rule. Wal-Mart's counsel then elicited further testimony from Strout on cross-examination. A third colloquy was then requested. Lang was again excluded from the courtroom, and Strout's counsel again did not object.

After hearing further argument from both attorneys, the court ruled as follows:

4

All right. Well, I find that the door has been opened to this topic. We've tried to take an incremental approach, we did take an incremental approach after our last discussion of this topic outside the presence of the jury, and we've received more information suggesting that Ms. Strout can't afford a caregiver beyond a year. And for all the reasons articulated by Walmart, the door has been opened, and I'm going to allow the inquiry.

The jury and Lang were brought back into the courtroom and Wal-Mart's counsel elicited testimony from Lang that, in 2017, Strout received a $4 million settlement from Haier and McGee.

The trial continued for nearly two more weeks.[1] Thereafter, the jury returned a verdict finding that Wal-Mart was not liable in negligence to Strout. The jury's special verdict form did not indicate a response to any of the remaining questions, including no response to a question pertaining to an award of damages to Strout.

Strout now appeals.

## II

Strout asserts that the trial court erred by admitting evidence of her settlement agreement with Haier and McGee. This was erroneous, she contends, because such evidence was inadmissible pursuant to the collateral source rule. Because Strout has not established that the trial court's allegedly

---

[1] The portion of the trial transcript made available for our review by Strout constitutes three days of the trial court proceedings, from September 26, 2022 to September 28, 2022. Lang's testimony in question occurred on September 28, 2022, and the jury returned its verdict on October 11, 2022. Given the incomplete record of the trial proceedings provided to us on appeal, we assume that which occurred in the interim was the presentation of the remainder of Strout's case in chief, the presentation of Wal-Mart's case in chief, if any, Strout's rebuttal presentation, if any, colloquies regarding the jury instructions, the court's issuance of such instructions to the jury, the parties' closing arguments, and any relevant questions from the jury after they were excused to begin their deliberations before rendering their verdict in mid-October.

erroneous admission of such evidence, on this basis, materially affected the outcome of the trial, Strout's assertion fails.

We review evidentiary rulings for an abuse of discretion. Bengtsson v. Sunnyworld Int'l, Inc., 14 Wn. App. 2d 91, 99, 469 P.3d 339 (2020). "Evidentiary error is grounds for reversal only if it results in prejudice." City of Seattle v. Pearson, 192 Wn. App. 802, 817, 369 P.3d 194 (2016). "An error is prejudicial if 'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.'" Pearson, 192 Wn. App. at 817 (quoting State v. Smith, 106 Wn.2d 772, 780, 725 P.2d 951 (1986)). Therefore, in order for Strout's assertion of an error in the trial court's evidentiary ruling to constitute reversible error, she must establish that the allegedly erroneous admission of collateral source evidence prejudiced her, materially affecting the outcome of the trial herein.

A

Strout asserts that the trial court committed prejudicial error by admitting the settlement agreement evidence in question because, in tort, such evidence cannot be considered to reduce the damages otherwise recoverable to a plaintiff. Thus, her assertion of prejudicial error is predicated on a jury reaching the issue of damages in its deliberations. But here, the jury's response on the verdict form established that it never considered the question of damages owing. Accordingly, Strout's assertion fails.

Our Supreme Court has noted that, with regard to the collateral source rule,

6

> [t]his Court has long held that "payments, the origin of which is independent of the tort-feasor, received by a plaintiff because of injuries *will not be considered to reduce the damages otherwise recoverable.*" Ciminski v. SCI Corp., 90 Wn.2d 802, 804, 585 P.2d 1182 (1978). See also Johnson v. Weyerhaeuser Co., 134 Wn.2d 795, 798, 953 P.2d 800 (1998). Thus, courts generally exclude evidence that the plaintiff has received compensation from a third party for an injury for which the defendant has liability. Id. at 798.

Cox v. Spangler, 141 Wn.2d 431, 439, 5 P.3d 1265, 22 P.3d 791 (2000) (emphasis added); accord 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 6.38, at 391-92 (5th ed. 2020) ("Under the collateral source rule, a tortfeasor may not reduce damages, otherwise recoverable, to reflect payments received by a plaintiff from a collateral source."). Accordingly, in order to establish that the admission of the settlement amount violated the collateral source rule and materially affected the outcome of the trial, Strout must demonstrate that the jury reached the issue of damages in deciding the case. But the record indicates to the contrary.

Here, the record provided to us on appeal reflects that the jury was given a special verdict form that reads as follows:

> **QUESTION 1:** **Were any of the following negligent?**
> (Answer "yes" or "no" after the name of the defendant (Walmart) and the name of each entity not party to this action.)
> ANSWER:                    Yes      No
> Defendant Walmart
> Non-Party Haier America Trading
> Non-Party Vicki McGee
> Non-Party Robert Lang
> *(DIRECTION: If you answered "no" to Question 1 as to the defendant (Walmart), sign this verdict form. If you answered "yes" to Question 1 as to the defendant (Walmart), answer Question 2.)*

7

Question 4 on the special verdict form reads: "What do you find to be Plaintiff's amount of damages?"

In responding to Question 1 of the verdict form, the presiding juror inscribed a check-mark underneath the "No" column in the row across from Wal-Mart. The presiding juror then signed the verdict form, indicating that the jury found that Wal-Mart was not negligent. In accord with the trial court's instructions, no further responses were provided to any of the remaining questions, including the question pertaining to an award of damages to plaintiff. In other words, the jury ceased its deliberations upon reaching an answer to Question 1.

Strout does not demonstrate that the jury relied on the settlement agreement evidence to reduce a damages award for the simple reason that the verdict form establishes that the jury never reached the question of damages. In order for Strout to prevail on the proposition that the jury relied on the settlement agreement evidence in question to reduce her damages award, Strout would need to establish the predicate for that argument—that the jury reached the question of damages owing to her. However, the jury did not decide this issue. Rather, the jury returned a verdict finding only that Wal-Mart was not liable to her. Because the jury did not consider damages, Strout does not establish that the outcome of the trial was in any way impacted by the trial court's ruling on the collateral source objection. Thus, Strout fails to show that the admission of the evidence challenged on this basis prejudiced her in any way.

B

Strout belatedly attempts to show that the collateral source ruling may have prejudiced her with regard to the jury's liability determination. She claims that the collateral source rule, in addition to precluding the use of such evidence to reduce a damages award, also precludes a jury from relying on such evidence for the purpose of determining liability. In explaining this assertion, Strout states that "[t]he reasoning behind the collateral source rule is evidence of such collateral benefits *is likely to effect [sic] a jury's determination on liability* or to limit any recovery the plaintiff may make resulting in a [sic] unfair advantage to the defendant." Br. of Appellant at 18 (emphasis added) (citing DEWOLFE, supra, at 391-92).

As an initial matter, the emphasized portion of Strout's statement misconstrues the cited resource upon which she relies. Indeed, nowhere in section 6.38 of the Washington Practice Series on Tort Law and Practice does the word "liability" appear. Rather, section 6.38 therein is located in "Chapter 6 Damages," subchapter "E. Determining the Amount of the Award," and, as one might expect given that section's placement in such context, sets forth the proposition stated above that, "[u]nder the collateral source rule, a tortfeasor may not reduce damages, otherwise recoverable, to reflect payments received by a plaintiff from a collateral source." DEWOLFE, supra, at 391-92. That statement plainly does not stand for the proposition that the collateral source rule precludes admission of evidence because it might impact a jury's liability determination.

Furthermore, Strout does not provide us with any additional authority in support of the proposition that, pursuant to the collateral source rule, a trial court is precluded from admitting evidence because of its potential impact on a jury's determination of liability.[2]

Even were we to assume that the collateral source rule precludes a jury from considering evidence of a payment from a collateral source for the purpose of determining a defendant's tort liability (a conclusion we do not announce), we would need to look to the record of the trial court proceedings to determine whether it was possible that the jury resorted to evidence of the settlement payments in question in finding that Wal-Mart was not liable to Strout. As

---

[2] Our Supreme Court has reiterated that "in Johnson, 134 Wn.2d at 804, . . . we held that a plaintiff may 'waive the protections of the collateral source rule by opening the door to evidence of collateral benefits'" and that "even if collateral source evidence is relevant, in order to be admissible, such relevance must not be outweighed by the unfair influence this evidence would likely have had on the jury. Gilmore v. Jefferson County Pub. Transp. Benefit Area, 190 Wn.2d 483, 498-502, 415 P.3d 212 (2018) (citing Johnson, 134 Wn.2d at 804; Cox, 141 Wn.2d at 441). Such authority plainly reflects that the jury is not per se excluded from considering collateral source evidence.
We are also aware that our Supreme Court has stated the following:
> The collateral source rule is an evidentiary principle that enables an injured party to recover compensatory damages from a tortfeasor without regard to payments the injured party received from a source independent of a tortfeasor. Johnson v. Weyerhaeuser Co., 134 Wn.2d 795, 798, 953 P.2d 800 (1998). The rule comes from tort principles as a means of ensuring that a fact finder will not reduce a defendant's liability because the claimant received money from other sources, such as insurance carriers.

Mazon v. Krafchick, 158 Wn.2d 440, 452, 144 P.3d 1168 (2006). Although the court uses the word "liability" in the context of the collateral source rule, both the citation to Johnson and the preceding phrase of "reduc[ing] a defendant's liability" make clear that the court intended such phrasing to signify that a fact finder is precluded from relying on the existence of a plaintiff's collateral sources of money to reduce the amount of damages that a defendant—who has already been found to be liable for damages—must pay to such a plaintiff. Indeed, more recent precedent by the court citing to Mazon makes that distinction clearly. See Diaz v. State, 175 Wn.2d 457, 465, 285 P.3d 873 (2012) ("The collateral source rule ensures that the fact finder will not reduce the plaintiff's award because the plaintiff has received compensation from a third party." (citing Mazon, 158 Wn.2d at 452)).

discussed below, because Strout failed to present an adequate record of the proceeding, Strout fails to make the necessary showing.

For over a century, the rule has been that we will not review an appellant's assignment of error when the appellant has failed to provide us with an adequate record of the proceeding below. Yatsuyanagi v. Shimamura, 57 Wash. 42, 42-43, 106 P. 503 (1910); see also Cowlitz Stud Co. v. Clevenger, 157 Wn.2d 569, 573-74, 141 P.3d 1 (2006) (declining to rule on an issue where the petitioners failed to provide an adequate record for review). Indeed, as a party seeking review, the appellant has the burden to perfect the record so that the reviewing court has all evidence relevant to the issues presented. RAP 9.6(a); In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); Bulzomi v. Dep't of Lab. & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). The failure to do so precludes appellate review. Stiles v. Kearney, 168 Wn. App. 250, 259, 277 P.3d 9 (2012); Stevens County v. Loon Lake Prop. Owners Ass'n, 146 Wn. App. 124, 131, 187 P.3d 846 (2008).

Strout has not provided us with an adequate record of the proceeding below to support her contention that the jury relied on evidence of the settlement payments in question for the purpose of determining Wal-Mart's liability. As an initial matter, Strout's motions in limine do not demonstrate that she sought to exclude such evidence on a theory that collateral source evidence should not be presented to a jury on the issue of liability. Indeed, although her motions sought to exclude the settlement agreement evidence in question and indicated that, as pertinent here, "[t]he plaintiffs' Motion in Limine are also addressed with a more

11

detailed legal analysis in plaintiffs' Trial Brief which is incorporated herein by this reference," those motions in limine referenced only the collateral source rule in general, did not cite to any authority in support of applying the collateral source rule to a jury's liability determination, and, notably, the record provided to us does not contain a copy of her trial brief.

Similarly, the appellate record provided herein does not lend support for the proposition that the jury heard—and relied on—argument or evidence connecting the settlement agreement evidence to Wal-Mart's liability. Importantly, the trial transcript that Strout presents on appeal does not set forth a transcription of the entire trial. Rather, we are presented with only excerpts therefrom. These excerpts do not include, as pertinent here, the parties' opening statements or their closing arguments, in which such a theory might have been presented or argued to the jury. Nor does the record before us contain the trial court's instructions as to the law for the jury to apply, nor as to the limitations, if any, on the jury's consideration of the evidence presented at trial, such as how the jury was to consider the settlement agreement evidence in question.

Additionally, the trial excerpts provided to us on appeal do not adequately establish that the jury heard—and relied on—an argument that the settlement agreement evidence in question was connected to Wal-Mart's liability. Rather, as pertinent here, those transcripts set forth colloquies—for which the jury was not present—and testimony regarding not whether Wal-Mart was liable to Strout for negligence but, rather, whether Strout and Lang were financially destitute during the time in question. Lastly, nowhere in the jury's answers on the special

verdict form, discussed above, is there an indication that the jury's liability finding was predicated on the settlement agreement evidence in question. Nor does Strout in her appellate briefing direct us to any such indication in the record provided.

Therefore, we have a record that provides no pretrial evidentiary analysis, opening statements, testimony, closing arguments, jury instructions, or jury findings that demonstrate the asserted connection between the settlement agreement evidence in question and the jury's decision that Wal-Mart was not liable. We do not have a record before us evidencing whether an argument was presented to the jury regarding such an asserted relationship nor whether this liability theory of defense was ever argued to the trial court. Given all this, we cannot say that the jury likely relied on argument or evidence regarding the settlement agreement evidence for the purpose of determining Wal-Mart's liability. The burden to present a record in support of such a claim falls to Strout. Strout did not meet this burden. Thus, on this claim, Strout fails to show an entitlement to appellate relief.[3]

Finally, even if the jury had been permitted to consider the settlement agreement evidence in question for the purpose of determining Wal-Mart's liability, a reasonable jury could have considered such evidence for opposing

---

[3] In addition, Strout's appellate briefing does not provide us with citation to the record or argument or analysis in support of the proposition that such a theory was argued in the motions in limine or was reflected in the trial court transcript. Arguments not supported by pertinent authority or adequate analysis need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficiently argued claims); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (arguments not supported by adequate argument and authority). Thus, for this reason as well, Strout's claim for relief fails.

purposes. Given the facts of this case, a reasonable jury might consider such evidence as indicating that, because the other parties in the transaction at issue agreed to pay substantial sums of money to Strout, those parties must have lacked confidence in the defense that the plaintiff was solely responsible for her injuries—which was Wal-Mart's defense at trial. This view, of course, would not have benefited Wal-Mart. It would have benefited Strout.

On the other hand, the jury might have viewed the evidence as indicating that plaintiff was injured as a result of the wrongful acts of others, with the payments from two of the original defendants leaving Wal-Mart as the sole remaining "other." Because Strout does not even discuss the possibility of these disparate views of the evidence, plaintiff fails to show that it had any likely effect on the jury's liability determination.

Thus, for each of these several reasons, Strout fails to establish that she was prejudiced by the court's admission of the settlement agreement evidence in question. Accordingly, Strout fails to establish that the trial court's admission of the collateral source evidence constitutes reversible error warranting appellate relief.[4]

---

[4] Strout also asserts that Wal-Mart, rather than plaintiff, opened the door to the admissibility of the settlement agreement evidence in question. Strout is incorrect. The record reflects that Strout's counsel's direct examination of Strout and Lang resulted in the testimony that, according to Wal-Mart's argument to the trial court, opened the door to the admissibility of the evidence in question. During the first colloquy, Strout's counsel contended that the cited testimony was ambiguous because it did not clearly indicate whether Strout and Lang remained in a dire financial situation at all times after the 2014 incident. Given that, the trial court believed that, in order to rule on Wal-Mart's request, it was necessary to clarify the testimony originally solicited by Strout's counsel and contended by that attorney to be ambiguous. Therefore, although Wal-Mart elicited Lang's testimony on cross-examination, the necessity of so doing stemmed from Strout's counsel's direct examinations and counsel's argument to the court. The court was plainly entitled to have the testimony clarified in order to facilitate its ruling. Given that

C

Strout next contends that the trial court erred by admitting evidence of the settlement payments in question because, according to Strout, such evidence was inadmissible pursuant to ER 401 and ER 402. Strout, again, fails to establish an entitlement to appellate relief.

ER 401 provides that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 402 provides that "[a]ll relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible."

Notably, ER 103, regarding rulings on evidence, provides that

> [e]rror may not be predicated upon a ruling which admits or
> excludes evidence unless a substantial right of the party is affected,
> and
>      (1) *Objection.* In case the ruling is one admitting evidence, a
> timely objection or motion to strike is made, *stating the specific*
> *ground of objection, if the specific ground was not apparent from*
> *the context.*

ER 103(a) (second emphasis added). In addition, a respected authority on evidentiary principles has observed that

>      [n]either Rule 103 nor any other rule expressly addresses
> the doctrine known by various names such as "invited error,"
> "opening the door," or "fighting fire with fire." The general notion is
> that one who invites error by eliciting an impermissible response

---

it was Strout, not Wal-Mart, who put in issue the alleged ambiguity of the testimony, it was Strout, not Wal-Mart, who opened the door through both testimony and argument.

> from a witness or by exploring an improper area cannot complain
> when contradictory evidence, otherwise improper, is offered in
> rebuttal.

5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 103.1 (6th ed. 2016).

"An objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review." State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985) (citing State v. Boast, 87 Wn.2d 447, 451, 553 P.2d 1322 (1976)). Relatedly, "[a] party may only assign error in the appellate court on the specific ground of [an] evidentiary objection made at trial." Guloy, 104 Wn.2d at 422. As pertinent here, issues not argued and discussed in an appellant's opening brief are "abandoned and not open to consideration on their merits." Fosbre v. State, 70 Wn.2d 578, 583, 424 P.2d 901 (1967) (citing State v. Davis, 60 Wn.2d 233, 236, 373 P.2d 128 (1962); Kent v. Whitaker, 58 Wn.2d 569, 571, 364 P.2d 556 (1961)). Arguments not supported by pertinent authority or adequate analysis need not be considered. Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

Furthermore, "[w]e are not required to search the record for applicable portions thereof in support of the plaintiffs' arguments." Mills v. Park, 67 Wn.2d 717, 721, 409 P.2d 646 (1966); see also Fishburn v. Pierce County Planning & Land Servs. Dep't, 161 Wn. App. 452, 468, 250 P.3d 146 (2011). Indeed,

> [i]f we were to ignore the rule requiring counsel to direct argument
> to specific findings . . . and to cite to relevant parts of the record as
> support for that argument, we would be assuming an obligation to
> comb the record with a view toward constructing arguments for
> counsel . . . . This we will not and should not do.

In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998).

Here, Wal-Mart's counsel sought to admit evidence of the settlement payments in question to rebut Strout's and Lang's testimony regarding their poor financial state at all times after Strout's 2014 injury. Strout's counsel objected to the admission of such evidence, initially arguing that "there's been no testimony whatsoever about struggling after 2017" and, later, arguing that it was "not relevant." The court, seeking to understand the specific ground of the attorney's objection, responded by asking "How is it not relevant?"

Strout's counsel responded by providing several arguments as to how, according to the attorney, evidence of the settlement agreement was not relevant. He argued that the record reflected that Strout and Lang could only afford to pay for Strout's caregiving in the present (rather than into the future), that the record did not reflect whether they had other funds available to them, that the record reflected that Lang wanted to go back to work for personal—rather than financial—reasons, and that the record did not reflect that Strout shared her settlement funds with Lang.

Given all that, the court believed that it was necessary to clarify Lang's testimony before making its ruling. It then permitted Wal-Mart's counsel to elicit clarifying testimony from Lang in response to Strout's counsel's arguments. Lang clarified that he was speaking about their financial status at the time of trial, that he and Strout could not afford to pay for a caregiver through an agency, that their inability to afford a caregiver was based on the money that both he and Strout had, that they pooled their money with one another, that he had very little

income, that they could afford a caregiver for about one year into the future due to their financial situation, and that they did not hide their money from one another.

After eliciting this testimony from Lang, Wal-Mart's counsel again requested a colloquy with the court. Strout's counsel did not then reiterate any of his previously stated arguments arising from his relevancy objection except for reiterating that the record still did not reflect that Lang wanted to go back to working part-time for financial reasons. The attorney also argued several new bases in support of his relevancy objection: that Lang did not testify as to how much money he thought that Strout had, that the record only contained evidence regarding Strout's new house and new car that she bought, that the record did not reflect precisely when their money will be exhausted, that Strout's case should not be penalized because Lang is staying home as a caregiver, that Wal-Mart's counsel was making a large leap from the evidence, and that Lang was both a "little confused" and "unsophisticated."

Strout fails to establish that the trial court erred by admitting the settlement payment evidence due to its alleged inadmissibility under ER 401 and ER 402. As an initial matter, Strout's appellate briefing does not present us with citation to the record or decisional authority in support of this contention. Rather, her appellate briefing asserts only that "Strout and Lang's financial situation and the reasons Lang and Strout were better off having Lang provide Strout's caregiving were irrelevant pursuant to ER 401 and ER 402." Br. of Appellant at 23-24. She

does not provide further elaboration to support this conclusory statement. Thus, Strout fails to present adequate argument in support of her contention. RAP 2.5.

Furthermore, although her counsel raised several arguments to the trial court as to how the settlement payment evidence was allegedly not relevant, she does not reassert these arguments on appeal. We therefore consider these bases abandoned on appeal and not open to consideration on their merits. Fosbre, 70 Wn.2d at 583 (citing Davis, 60 Wn.2d at 236); Kent, 58 Wn.2d at 571.

Finally, even if Strout had not abandoned those other arguments on appeal, the remaining bases argued to the court were either general objections— and therefore not preserved for appeal—or not responsive to the trial court's request that Strout's counsel provide the court with reasons as to how the settlement payments evidence was not relevant. Guloy, 104 Wn.2d at 422. Thus, for these several reasons, Strout fails to establish her claim for appellate relief.[5]

D

Strout next contends that the trial court erred by admitting the settlement payment evidence in question because the evidence was inadmissible pursuant to ER 403. Again, for several reasons, Strout's contention fails.

ER 403 reads as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

---

[5] Strout also contends that the trial court "mischaracterized or misunderstood Lang's testimony in justifying its ruling." Br. of Appellant at 23. To the contrary, before the court issued its ruling, the trial court plainly—and properly—took incremental steps in response to argument from the attorneys to characterize and understand precisely that to which Lang was testifying. The trial court did not err in so doing.

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Again, "[a]n objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review," arguments not supported by pertinent authority or adequate analysis need not be considered, and "[w]e are not required to search the record for applicable portions thereof in support of the plaintiffs' arguments." Guloy, 104 Wn.2d at 422 (citing Boast, 87 Wn.2d at 451); Saunders, 113 Wn.2d at 345; Mills, 67 Wn.2d at 721.

Here, during the first colloquy, Strout's counsel stated, in pertinent part:

> It's – it's a very remote argument that shouldn't be granted. There's no – he hasn't clarified on the record when [Lang] was speaking of being destitute. He's speculating on that, and so I would suggest that on this record, no; this should not be granted. *It would be prejudicial,* and I think that it would be an error for sure, but -- yeah.
> I just think that we haven't opened the door. There's been no distinction as to when this supposed destitution -- which did exist after the accident, he hasn't clarified that on the record.

(Emphasis added.) The court asked Strout's counsel whether Strout or Lang had testified about the time period during which they were destitute and whether Lang's testimony regarding his desire to go back to work—and his inability to do so due to needing to be a caregiver to Strout—stemmed from their financial situation. Strout's counsel stipulated that the inferences to be drawn from the testimony in each of those areas could be clarified. The court then permitted Wal-Mart's counsel to elicit testimony from Lang to clarify as much. Thereafter,

during the second and third colloquies, Strout's counsel did not again object to the admission of the settlement payment evidence on the basis of prejudice.

Strout fails to establish her ER 403 contention. As an initial matter, Strout does not cite to decisional authority in support of the proposition that an objection of "prejudice" is sufficiently specific to alert the court to an objection pursuant to ER 403. Furthermore, after raising the issue to the trial court, Strout's counsel stipulated that the issues in Lang's testimony could be further clarified. Thereafter, her counsel did not again specifically object to the admission of evidence in question on the basis of ER 403. Having so stipulated and not renewed an objection on the basis of ER 403 after Lang's testimony was further clarified, Strout has not properly preserved an objection on the basis of ER 403, thus waiving it on appeal. ER 103(a)(1); RAP 2.5(a).

In addition, Strout's appellate briefing on this issue is plainly inadequate. The portion of Strout's briefing regarding ER 403 contends only that, "[i]f the evidence was relevant, any relevance would be outweighed by the prejudice of the settlement evidence contrary to ER 403." Br. of Appellant at 24. Strout does not provide further decisional authority, argument, or specific citation to the record in support of that argument, which is fatal to her claim for appellate relief. Guloy, 104 Wn.2d at 422 (citing Boast, 87 Wn.2d at 451); Saunders, 113 Wn.2d at 345; Mills, 67 Wn.2d at 721. Thus, with regard to her ER 403 contention, Strout fails to establish trial court error.

E

Strout next contends that the trial court erred by admitting the evidence of the settlement payments in question because such evidence was inadmissible pursuant to ER 408. Strout has waived—and otherwise failed to adequately establish—this contention on appeal.

ER 408 reads as follows:

**COMPROMISE AND OFFERS TO COMPROMISE**
In a civil case, evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Again, a party's failure to properly object at trial waives the issue on appeal. ER 103(a); RAP 2.5(a). Additionally, we may decline to consider issues to which an appellant has failed to assign error. RAP 10.3(a)(4). And once again, we consider waived on appeal "[a]n objection which does not specify the particular ground upon which it is based," we need not consider arguments not supported by pertinent authority or adequate analysis, and "[w]e are not required to search the record for applicable portions thereof in support of the plaintiffs' arguments." Guloy, 104 Wn.2d at 422 (citing Boast, 87 Wn.2d at 451); Saunders, 113 Wn.2d at 345; Mills, 67 Wn.2d at 721.

Here, Section 2 of Strout's motions in limine filing requested that the trial court exclude evidence of "[s]ettlement negotiations or offers of compromise." That filing further stated that "[t]he motions set forth herein in Section 1-10 are common motions in limine which are routinely granted. The plaintiff's Motion in Limine are also addressed with a more detailed legal analysis in plaintiffs' Trial Brief which is incorporated herein by this reference." The trial court granted the motion, subject to ER 408.

Strout has failed to present us with an adequate record for consideration of her ER 408 claim and she has otherwise waived that claim on appeal. As an initial matter, Strout's motions in limine filing states that her motion to exclude evidence of "[s]ettlement negotiations or offers of compromise" is common and routinely granted. Her filing also indicates that more detailed legal analysis is to be found within her trial brief. However, that filing does not specifically set forth an objection on the basis of ER 408. It also does it set forth argument or authority in elaboration on—or in support of—the motion in limine in question. In that regard, within that filing, we are left with nothing meaningful to review.

According to Strout's filing, however, detailed legal analysis in support of the motion in question might be found in her trial brief. Her trial brief, however, is not part of the record that Strout provided to us for review. Furthermore, her appellate briefing neither directs us to where such a brief could so be found nor presents us with the legal analysis presented in such a brief in support of her ER 408 contention. In that regard, given such absence, we are again left with nothing meaningful to review from Strout.

23

Additionally, although the trial court's ruling in limine indicated that the court was granting such motion subject to ER 408, the record presented to us does not unambiguously reflect who the intended target of that motion was. Absent additional argument or further indicia of the court's intention underlying its ruling, that motion could apply as equally to evidence of Strout's settlement negotiations or offers with the previously settling defendants as it could to evidence of such conduct with Wal-Mart. In that regard, Strout's presentation of both her motions in limine filing and the court's ruling in limine in question do not establish the requisite specificity for her to have properly presented this objection for our review. Indeed, Strout is not excused from the requirements of ER 103(a)(1) simply because she might have intended to object to the admission of such evidence on the basis of ER 408 prior to trial.

Moreover, the record provided to us does not reflect that, during trial, Strout specifically objected to the evidence of the settlement payments in question during trial on the basis of ER 408. Given that, she has also waived her right to challenge the admissibility of such evidence on appeal. ER 103(a)(1); RAP 2.5; Guloy, 104 Wn.2d at 422.

Furthermore, Strout's appellate briefing only vaguely assigns error to the admission of such evidence in reliance on ER 408 and, in so doing, does not set forth specific citation to the record in support of such alleged error.[6] RAP

---

[6] In her reply brief, Strout asserts that "[t]hroughout the trial and before and during trial through Strout's Pretrial Motion in Limine seeking to preclude collateral source evidence, Strout argued against the admissibility of the settlement evidence." Reply Br. of Appellant at 20-21. Such a conclusory assertion, along with a citation to nearly 40 pages of trial transcript in purported support thereof, plainly does not adequately support the proposition that Strout specifically objected to the admission of the settlement agreement evidence on the basis of ER

10.3(a)(4). Thus, by not presenting an adequate record for review, failing to object at trial, and failing to properly assign error and present argument, Strout has waived and otherwise forfeited her ER 408 assertion on appeal.

Accordingly, for the foregoing reasons, Strout's remaining evidentiary contentions fail to establish an entitlement to relief on appeal.

III

Strout next contends that the trial court denied her the right to a fair trial by excluding Lang from the courtroom during the three colloquies in question, thereby not permitting her counsel to speak with Lang before he returned to testify on cross-examination. For several reasons, Strout's contention fails.

The exclusion of witnesses from the courtroom is a matter within the discretion of the trial court, and any decision to exclude witnesses will not be disturbed absent a manifest abuse of discretion. State v. Johnson, 77 Wn.2d 423, 428, 462 P.2d 933 (1969); State v. Adams, 76 Wn.2d 650, 659, 458 P.2d 558 (1969).

Again, a party's failure to object at trial waives the issue on appeal. ER 103(a); RAP 2.5(a). Indeed, a "trial court is entitled to be informed of the grounds for objection, enlightened on the theories of law which support the objector's position and given the opportunity to correct a mistake in time to avoid unnecessary retrials. Unless this has taken place . . ., we cannot review [such

---

408. Again, we will not assume an obligation to comb the record to construct an argument for a party's counsel on appeal. Lint, 135 Wn.2d at 532.

Furthermore, Strout does not even attempt to argue that, when her counsel objected to the admission of the settlement payment evidence on the basis of it not being relevant, she was, in actuality, objecting on the basis of ER 408. Regardless, an objection of relevancy would not have been sufficiently specific to alert the court and opposing counsel that this was so.

an] assignment of error." Ryan v. Westgard, 12 Wn. App. 500, 510, 530 P.2d 687 (1975).

As discussed herein, during Lang's cross-examination, Wal-Mart's counsel requested a colloquy regarding Lang's testimony and, in so doing, also requested that Lang be excused from the courtroom. The court instructed Lang to step outside of the courtroom. Strout's counsel did not object thereto. Thereafter, in each of the two resulting colloquies during Lang's cross-examination, the court again instructed Lang to leave the courtroom and, in response to each exclusion, Strout's counsel did not object.

Strout waived her right to challenge on appeal the trial court's exclusion of Lang from the courtroom during the time in question. Her counsel had three opportunities to interpose such an objection but did not do so. Indeed, her counsel neither requested that the court not excuse Lang from the courtroom nor unambiguously requested that he be offered a chance to speak with Lang.[7] In so doing, she deprived both the trial court and Wal-Mart of the opportunity to become apprised of and—if need be—attempt to correct such an alleged mistake. Ryan, 12 Wn. App. at 510. Therefore, Strout has waived this issue on appeal. ER 103(a); RAP 2.5(a).

---

[7] During the third colloquy in question, Strout's counsel stated that, "Well, I was going to suggest that your -- you do some questioning to try to clarify the issue, or that we do it outside the presence of the jury and I be allowed to ask him some questions after [Wal-Mart's counsel] asks him questions." However, it is plain from the context of that remark that this was in response to the trial court's ongoing attempt at understanding the scope of Strout's counsel's objection to the admissibility of the settlement agreement evidence in question, not a new—and specific—objection to the trial court's excusal of Lang from the courtroom on the basis that the court was denying Strout her right to a fair trial.

Furthermore, Strout did not assign error in her opening brief to the trial court's exclusion of Lang from the courtroom.

Again, we may decline to consider issues to which an appellant has failed to assign error. RAP 10.3(a)(4).

> Washington courts generally follow the rule of party presentation, under which appellate courts "'normally decide only questions presented by the parties.'" Greenlaw v. United States, 554 U.S. 237, 244, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008) (quoting United States v. Samuels, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in the denial of rehearing en banc)); see also RAP 10.3(g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."), RAP 5.3, RAP 10.3. "That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Greenlaw, 554 U.S. at 243. Thus, "[t]he scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County[v. W. Wash. Growth Mgmt. Hr'gs Bd], 177 Wn.2d [136,] 144[, 298 P.3d 704 (2013)].

Dalton M, LLC v. N. Cascade Tr. Servs., Inc., 2 Wn.3d 36, 50, 534 P.3d 339 (2023).

Here, Strout assigned error only to the trial court's ruling admitting the settlement evidence in question. Strout did not assign error to the trial court's exclusion of Lang from the courtroom during the colloquies in question. Thus, given her failure to assign error to this issue, Strout's assertion fails for that reason as well.

We further note that Strout raises this argument for the first time in her reply brief. It is well-established that we do not consider matters raised for the first time in a reply brief. Lewis v. City of Mercer Island, 63 Wn. App. 29, 31-32,

817 P.2d 408 (1991); see also RAP 10.3(c); State v. Alton, 89 Wn.2d 737, 739, 575 P.2d 234 (1978). This includes consideration of constitutional arguments raised for the first time in reply. Oostra v. Holstine, 86 Wn. App. 536, 543, 937 P.2d 195 (1997) (appellate court would not consider constitutional argument raised for first time in party's appellate reply brief). Therefore, for that reason too, her assertion fails.[8]

Lastly, even assuming that the trial court erred by excluding Lang from the courtroom and further assuming that Strout properly presented this matter for our consideration (decisions we do not make), Strout also fails to establish that the purported error was harmful to her case. Budd v. Kaiser Gypsum Co., 21 Wn. App. 2d 56, 79, 505 P.3d 120 ("'A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case.'" (internal quotation marks omitted) (quoting Nguyen v. City of Seattle, 179 Wn. App. 155, 159 n.2, 317 P.3d 518 2014))), review denied, 199 Wn.2d 1030 (2022). Strout presents no argument or analysis connecting the exclusion of Lang from the courtroom to the jury's finding that Wal-Mart was not liable to Strout in negligence. RAP 2.5. Thus, her assertion also fails for this reason.

---

[8] Strout mentions in the statement of the case section of her opening brief the trial court's ruling excluding Lang from the courtroom. This is plainly not a sufficient basis by itself to adequately raise such an issue for review on appeal. Because her opening brief does not assign error on such a basis—nor does that brief present any argument or authority in reliance thereon—we do not consider this issue adequately raised in her opening brief. The purpose of the statement of the case is set forth in RAP 10.3(5). It does not allow for arguing or presenting substantive legal issues.

Accordingly, we hold that Strout does not establish any entitlement to appellate relief.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____
Brunner, J.     Hazelrigg, A.C.J.